Johanne GLAB, also known as Johanne Glabe, Plaintiff-Appellant,

v.

John GARDNER, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 436, Docket 31102.

United States Court of Appeals Second Circuit.

Argued May 3, 1967.

Decided May 22, 1967.

Herman Adlerstein, New York City, for plaintiff-appellant.

Howard L. Stevens, Asst. U. S. Atty. (Joseph P. Hoey, U. S. Atty. for Eastern District of New York, Steve C. Arniotes,

**538**

Asst. U. S. Atty., on the brief), for defendant-appellee.

Before WATERMAN, FRIENDLY and FEINBERG, Circuit Judges.

PER CURIAM.

Johanne Glab sought review in the District Court for the Eastern District of New York, pursuant to 42 U.S.C. § 405(g), of a final decision of the Secretary of Health, Education and Welfare. Although that decision granted appellant disability benefit payments, the award was not based on her claim of physical injury to her back but on a finding of disablement due to a "severe psychiatric impairment, possibly more severe than a psychoneurosis." Appellant, an alien, claims injury from that finding of "psychiatric impairment," pointing to the possibility of diminution of employment opportunities or difficulty in obtaining citizenship, and argues that there is no substantial evidence to support the finding.

The Secretary moved to dismiss the complaint; the district court granted the motion, holding that it did not state a claim on which relief could be granted since plaintiff was awarded maximum disability payments. Despite a three-month extension to answer the complaint, granted at the Government's request to obtain the certified administrative record, it was never tendered to the district court and hence is not included in the record on appeal. But the meager facts we have suggest that this case is unusual. For example, plaintiff claimed disablement in May 1962 and her claim was denied. The finding of continuing mental illness was made three years later, apparently more than two years after plaintiff's last medical examination and without prior notice to her.

██ Under these circumstances, we think that the district court should reconsider its decision and make further findings with the benefit of the administrative record. That the Secretary's order was wholly favorable in monetary terms should not foreclose inquiry in every case on the ground that there can be no other basis for relief or that no justiciable controversy is presented. Certainly 42 U.S.C. § 405(g) is not expressly so limiting; it authorizes review "irrespective of the amount in controversy," and it permits the court to affirm, reverse, or modify the Secretary's decision with or without a remand. Nor do we believe that the injury done by administrative findings can never rise to the level of justiciability. Consider the case if a disability claimant were arbitrarily and erroneously branded as disabled because of a loathsome disease. Might not the injury of such a finding far outweigh the benefit of a monetary award? Cf. Nelson v. Miller, 373 F.2d 474 (3d Cir. 1967).

Among the issues which the district court might want to consider are: whether plaintiff's allegations of potential harm from the challenged finding are serious enough to reach the threshold of justiciability; if so, whether in the nature of plaintiff's claim for benefits her mental state was so related as to be fairly put in issue; whether the finding is factually supported in the administrative record; whether plaintiff was afforded adequate notice and opportunity for administrative review; and finally, whether either acceptance of awards—apparently still continuing—constitutes waiver, or possible present inability to tender them back acts as a bar to suit.

Aside from holding that grant of monetary benefits does not necessarily preclude review of all administrative findings, no matter how damaging to the individual, we express no view on the issues. For example, it may be that plaintiff's actual injury from the finding is so minimal or remote as not to warrant the present review. Of course, the district court is free to consider any other matter it deems relevant on remand.

Reversed and remanded.